IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MCKESSON CORPORATION and SUBSIDIARIES, | ) ) ) |
| Plaintiff. | ) ) Case No. 3:25-cv-01102-N |
| v. | ) ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) ) |

**UNITED STATES' ANSWER**

The United States of America answers the numbered paragraphs of Plaintiff's Complaint as follows. Any allegation not specifically admitted is denied. *See* Fed. R. Civ. P. 8(b)(3).

**United States' Response to the Numbered Paragraphs in the Complaint**

**INTRODUCTION**

1. Plaintiff's allegations in Paragraph 1 are legal statements or conclusions to which no response is required. To the extent a response is required, the United States admits that McKesson brings this action for the refund of federal income taxes assessed and collected by the Internal Revenue for its taxable years March 31, 2007 through March 31, 2012, that McKesson was required to include amounts related to stock-based compensation ("SBC") in shared cost pools under its cost-sharing arrangements ("CSAs") with foreign affiliates, and that Treasury regulations promulgated under Internal Revenue Code ("I.R.C.") § 482 required related CSA participants to share amounts related to stock-based compensation. Denies the remaining allegations in Paragraph 1.

   Fn. 1: Admits.

      Fn. 2: Admits.

      Fn. 3: Admits.

      Fn.4: Admits.

      Fn. 5: Admits.

2.    Plaintiff's allegations in Paragraph 2 are legal statements or conclusions to which no response is required. To the extent a response is required, the United States denies.

3.    Plaintiff's allegations in Paragraph 3 are legal statements or conclusions to which no response is required. To the extent a response is required, the United States admits that the SBC Rule was first included in regulations in 2003, but denies that Plaintiff has provided a complete and accurate description of the *Xilinx* case.

4.    Plaintiff's allegations in Paragraph 4 are legal statements or conclusions to which no response is required. To the extent a response is required, the United States admits that Plaintiff accurately describes the requirement for related parties to share stock-based compensation in CSAs, but denies that Plaintiff has provided a complete and accurate description of the holdings of *Altera*, *Chevron*, and *Loper Bright*.

5.    Admits.

6.    Admits.

7.    Admits, but denies to the extent that this allegation suggests this action is timely under 28 U.S.C. § 2401(a).

8.    Denies.

## PARTIES

9.    Admits.

10.    Admits.

## JURISDICTION AND VENUE

11. Denies.

12. Admits.

## THE APPLICABLE STATUTE AND REGULATIONS
### Section 482

13. Plaintiff's allegations in Paragraph 13 are legal statements or conclusions to which no response is required. To the extent a response is required, the United States admits.

14. Plaintiff's allegations in Paragraph 14 are legal statements or conclusions to which no response is required. To the extent a response is required, the United States admits that Plaintiff correctly quoted the cases cited, but denies that Plaintiff has provided a complete and accurate description of those cases.

15. Plaintiff's allegations in Paragraph 15 are legal statements or conclusions to which no response is required. To the extent a response is required, the United States admits that Plaintiff correctly quoted Treas. Reg. 86, art. 45-1(b).

16. Admits.

17. Admits.

18. Admits.

19. Plaintiff's allegations in Paragraph 19 are legal statements or conclusions to which no response is required. To the extent a response is required, the United States admits that Plaintiff correctly quoted the cases cited, but denies that Plaintiff has provided a complete and accurate description of those cases.

20. Admits.

21. Admits.

**Treasury Regulations Regarding Stock-Based Compensation (the "SBC Rule")**

22.     Admits.

23.     Plaintiff's allegations in Paragraph 23 are legal conclusions to which no response is required. To the extent a response is required, the United States admits that Plaintiff correctly quoted Treas. Reg. § 1.482-7(a)(1) (1995), Treas. Reg. § 1.482-7(d)(1) (1995).

24.     Plaintiff's allegations in Paragraph 24 are legal conclusions to which no response is required. To the extent a response is required, the United States denies that Plaintiff has provided a complete and accurate description of the government's litigating position in *Xilinx*.

25.     Plaintiff's allegations in Paragraph 25 are legal conclusions to which no response is required. To the extent a response is required, the United States denies that Plaintiff has provided a complete and accurate description of the Tax Court's findings in *Xilinx*.

26.     Admits.

27.     Admits.

        Fn. 6: Admits.

        Fn. 7: Admits.

        Fn. 8: Admits.

28.     Denies.

29.     Denies.

30.     Lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 30.

31.     Plaintiff's allegations in Paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, the United States admits that Plaintiff correctly

quoted from the preamble, but denies that Plaintiff has provided a complete and accurate description of Treasury's position or the regulation.

32. Plaintiff's allegations in Paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, the United States admits that Plaintiff correctly quoted from the preamble, but denies the remaining allegations in Paragraph 32.

33. Admits.

34. Admits.

35. Denies.

36. Admits that Plaintiff correctly quoted 74 Fed. Reg. at 348; denies the remaining allegations in Paragraph 36.

37. Admits that Treasury issued final regulations (the "2011 Final Regulations") in largely the same form as the 2009 Temporary Regulations and with no changes to the SBC Rule. *See* T.D. 9568, 76 Fed. Reg. 80082 (Dec. 22, 2011) (codified at Treas. Reg. § 1.482-7), and that the 2011 Final Regulations were generally effective on December 16, 2011. Denies the remaining allegations in Paragraph 37.

38. Admits that Plaintiff correctly quoted 76 Fed. Reg. at 80087; denies the remaining allegations in Paragraph 38.

39. Admits.

40. Plaintiff's allegations in Paragraph 40 are legal statements or conclusions to which no response is required. To the extent a response is required, the United States admits that Plaintiff correctly quoted Tax Court's decision in *Altera*, but denies that Plaintiff has provided a complete and accurate description of the case.

41. Plaintiff's allegations in Paragraph 41 are legal statements or conclusions to which no response is required. To the extent a response is required, the United States admits that the Ninth Circuit reversed the Tax Court's decision in *Altera*, but denies that Plaintiff has provided a complete and accurate description of the case.

42. Admits.

## STATEMENT OF FACTS
### McKesson's Cost Sharing Arrangements and Stock-Based Compensation

43. Lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 43.

44. Lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 44.

45. Lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 45.

46. Lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 46.

### McKesson's FY07, FY08, and FY09 Tax Returns

47. Admits.

48. Admits.

49. Admits.

50. Admits, except denies that the IRS relied exclusively on the SBC rule.

51. Admits.

52. Admits.

53. Admits.

54. Admits.

55. Admits.

56. Admits.

### McKesson's FY10, FY11, and FY12 Tax Returns

57. Admits.

58. Admits.

59. Admits.

60. Admits, except denies that the IRS relied exclusively on the SBC rule.

61. Admits.

62. Admits.

63. Admits.

64. Admits.

65. Admits.

66. Admits.

### The IRS's Action on McKesson's Refund Claims

67. Plaintiff's allegations in Paragraph 67 are legal conclusions to which no response is required. To the extent a response is required, the United States admits that Plaintiff provides an accurate, general description of the refund suit process.

68. Admits.

69. Admits.

70. Admits.

71. Admits.

### THE SBC RULE IS INVALID

72. Plaintiff's allegations in Paragraph 72 are legal conclusions to which no response is required. To the extent a response is required, the United States denies.

### The SBC Rule is Contrary to the Statute and is Substantively Invalid

73. Plaintiff's allegations in Paragraph 73 are legal conclusions to which no response is required. To the extent a response is required, the United States admits that Plaintiff correctly quoted 5 U.S.C. § 706(2)(A), (C).

74. Plaintiff's allegations in Paragraph 74 are legal conclusions to which no response is required. To the extent a response is required, the United States admits that Plaintiff correctly quoted *Loper Bright*, but denies that Plaintiff has provided a complete and accurate description of the holdings of *Loper Bright* and *Chevron*.

75. Denies.

76. Plaintiff's allegations in Paragraph 76 are legal conclusions to which no response is required. To the extent a response is required, the United States admits that Plaintiff correctly quoted the authorities cited in Paragraph 76, but denies that Plaintiff has provided a complete and accurate description of those authorities.

77. Plaintiff's allegations in Paragraph 77 are legal conclusions to which no response is required. To the extent a response is required, the United States admits that plaintiff correctly quoted section 482, but denies the remaining allegations in Paragraph 77.

78. Plaintiff's allegations in Paragraph 78 are legal conclusions to which no response is required. To the extent a response is required, the United States admits that Plaintiff correctly quoted *Xilinx*, but denies the remaining allegations in Paragraph 78.

79. Denies.

   FN 9: Denies.

**The SBC Rule Is Substantively and Procedurally Invalid Under the APA**

80. Plaintiff's allegations in Paragraph 80 are legal conclusions to which no response is required. To the extent a response is required, the United States admits that Plaintiff correctly quoted the authorities cited, but the United States denies that Plaintiff has provided a complete and accurate description of those authorities.

81. Denies.

82. Denies.

83. Denies.

84. Denies.

   Fn. 10: Denies.

85. Denies.

## COUNT I
## FY07 Refund

86. The United States incorporates by reference the answers contained above in Paragraphs 1 through 85.

87. Admits.

88. Denies.

   Fn. 11: Admits.

89. Denies.

90. Denies.

91. Denies.

92. Admits.

93. Admits.

94. Admits that that this action is within the period of limitations under I.R.C. § 6532(a), but denies to the extent that this allegation suggests this action is timely under all other applicable statutes.

95. Denies.

## COUNT II
## FY08 Refund

96. The United States incorporates by reference the answers contained above in Paragraphs 1 through 95

97. Admits.

98. Denies.

99. Denies.

100. Denies.

101. Denies.

102. Admits.

103. Admits.

104. Admits that that this action is within the period of limitations under I.R.C. § 6532(a), but denies to the extent that this allegation suggests this action is timely under all other applicable statutes.

105. Denies.

## COUNT III
## FY09 Refund

106. The United States incorporates by reference the answers contained above in Paragraphs 1 through 105.

107. Admits.

108. Denies.

109. Denies.

110. Denies.

111. Denies.

112. Admits.

113. Admits.

114. Admits that that this action is within the period of limitations under I.R.C. § 6532(a), but denies to the extent that this allegation suggests this action is timely under all other applicable statutes.

115. Denies.

## COUNT IV
## FY10 Refund

116. The United States incorporates by reference the answers contained above in Paragraphs 1 through 115.

117. Admits.

118. Denies.

119. Denies

120. Denies.

121. Denies.

122. Admits.

123. Admits.

124. Admits that that this action is within the period of limitations under I.R.C. § 6532(a), but denies to the extent that this allegation suggests this action is timely under all other applicable statutes.

125. Denies.

## COUNT V
## FY11 Refund

126. The United States incorporates by reference the answers contained above in Paragraphs 1 through 125.

127. Admits.

128. Denies.

129. Denies.

130. Denies.

131. Denies.

132. Admits.

133. Admits.

134. Admits that that this action is within the period of limitations under I.R.C. § 6532(a), but denies to the extent that this allegation suggests this action is timely under all other applicable statutes.

135. Denies.

## COUNT VI
## FY12 Refund

136. The United States incorporates by reference the answers contained above in Paragraphs 1 through 135.

137. Admits.

138. Denies.

139. Denies.

140. Denies.

141. Denies.

142. Admits.

143. Admits.

144. Admits that that this action is within the period of limitations under I.R.C. § 6532(a), but denies to the extent that this allegation suggests this action is timely under all other applicable statutes.

145. Denies.

## United States' Affirmative Defenses

*First Affirmative Defense*: The Court lacks jurisdiction over Plaintiff's challenge to procedural validity of the three SBC Regulations because Plaintiff's suit is outside the six-year period of limitations for bringing an action set by 28 U.S.C. § 2401(a).

*Second Affirmative Defense*: Even if the three SBC Regulations were invalid, Plaintiff is not entitled to the refund it seeks because stock-based compensation costs that benefit Plaintiff's foreign subsidiaries are non-deductible under 26 U.S.C. § 162.

*Third Affirmative Defense*: Even if the three SBC Regulations were invalid, Plaintiff is not entitled to the refund it seeks under the plain meaning of I.R.C. § 482's authority to make "distribution[s], apportionment[s], or allocation[s] necessary in order to prevent evasion of taxes or clearly to reflect the income of any of such organizations, trades, or businesses."

## United States' Prayer For Relief

WHEREFORE, the United States of America prays that the Court deny the relief sought in the Complaint, dismiss Plaintiff's Complaint with prejudice, and grant such other and further relief as may be deemed appropriate under the circumstances, including costs.

Dated: September 12, 2025	Respectfully submitted,


	*/s/ Daniel B. Causey, IV*
	Daniel B. Causey, IV
	DC Bar No. 240963
	Trial Attorney, Tax Division
	U.S. Department of Justice
	P.O. Box 14198
	Washington, D.C.  20044
	202-307-1427 (v)
	202-514-4963 (f)
	Daniel.B.Causey@usdoj.gov

	Of Counsel:

	Nancy Larson
	United States Attorney
	Northern District of Texas

**Certificate of Service**

I certify that on September 12, 2025, a true and correct copy of the foregoing was filed electronically through the Court's ECF filing system and was served upon counsel for Plaintiff.

*/s/ Daniel B. Causey, IV*
DANIEL B. CAUSEY, IV
Trial Attorney, Tax Division
